**WILLIAMS COMMUNICATIONS GROUP, INC., Debtors,**

**Alex Meruelo, Plaintiff–Appellant,**

**Leucadia National Corporation, Wiltel Communications Group, LLC, Defendants–Appellees.**

**No. 06–4505–bk.**

United States Court of Appeals, Second Circuit.

March 10, 2009.

Behram V. Parekh, Yourman, Alexander & Parekh LLP, Manhattan Beach, CA (Michael S. Etkin, Ira M. Levee, Lowenstein Sandler PC, Roseland, N.J., Jeremy J. Brandon, Susman Godfrey LLP, Dallas Tex., Joshua H. Vinik, Milberg Weiss LLP, New York, N.Y., on the brief), for Appellant.

Joseph S. Allerhand, Weil Gotshal & Manges LLP (Michael L. Cook, Sophie S. Kim, Schulte Roth & Zabel, LLP, on the brief), New York, N.Y., for Appellees.

PRESENT: Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges.[1]

## SUMMARY ORDER

The Supreme Court has long held that "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). As a preliminary matter, we must therefore determine whether there is a live case or

1. The Honorable Charles L. Brieant was originally assigned to the panel, sitting by designation from of the United States District Court for the Southern District of New York. Judge Brieant has, unfortunately, died. As permitted by Local Rule § 0.14, the panel consists of two judges.

controversy before us. If the case is moot, then federal courts lack subject matter jurisdiction and must dismiss. *Fox v. Bd. of Trustees of the State Univ. of N.Y.,* 42 F.3d 135, 140 (2d Cir.1994).

The interest that the parties before us had in the instant case depended on their obtaining a judgment in an ongoing securities litigation. The parties, however, have lost in that litigation, and the judgment against them has now been affirmed on appeal. *See In re Williams Secs. Litig.— WCG Subclass,* 558 F.3d 1130 (10th Cir. 2009). As a result, they no longer have an interest in the question before us, and the case is now moot.

Accordingly, the appeal is **DISMISSED** as moot.